OPINION
This is an appeal from the judgment of the Trumbull County Court of Common Pleas, which granted summary judgment in favor of appellee, The Cincinnati Insurance Company, on a complaint for declaratory judgment brought by appellee. The trial court determined that appellee was not obligated to represent and/or indemnify appellant, the Tauro Brothers Trucking Company, in the underlying case, filed by the estate of Walter Piecuch.
A review of the record on appeal reveals that, on August 19, 1998, Walter Piecuch ("Piecuch") sustained mortal injuries, while unloading a tanker truck, during the course of his employment with appellant.
On August 19, 1999, the estate of Piecuch filed a complaint against appellant, alleging: a cause of action for a substantial certainty type tort against his employer, appellant; and, a cause of action for product liability and/or negligence against the remaining named defendant, Fruehauf Trailer Corp.
At the time of the accident, appellant was the named insured under a policy of commercial general liability coverage issued by appellee. The policy of insurance was modified by an Ohio Liability Coverage Enhancement, commonly known as "Stop Gap" coverage.
The commercial general liability coverage, which covers bodily injury and property damage, provides in relevant part:
"SECTION I — COVERAGES
"COVERAGE A.
"BODILY INJURY AND PROPERTY DAMAGE LIABILITY
"1. Insuring agreement
 "a. We will pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies. We will have the right and duty to defend any `suit' seeking those damages. * * *"
"2. Exclusions
"This insurance does not apply to:
"* * *
"e. Employer's Liability
"`Bodily injury' to:
 "(1) An `employee' of the insured arising out of and in the course of:
"(a) Employment by the insured, or
 "(b) Performing duties related to the conduct of the insured's business;
* * *"
"* * *
"h. Mobile Equipment
"`Bodily Injury' or `property damage' arising out of:
 "(1) The transportation of `mobile equipment' by an `auto' owned or operated by or rented or loaned to any insured; * * *"
Coverage D, the Ohio liability Coverage Endorsement, modifies Section I, supra, as follows:
 "A. SECTION I — COVERAGES is amended to include the following:
"* * *
"2. Exclusions.
"This insurance does not apply to:
 "(h) `bodily injury' expected or intended from the standpoint of the insured. This exclusion includes but is not limited to:
 "(1) any liability for acts committed by or at the direction of an insured with the deliberate intent to injure; and
 "(2) any liability for acts committed at the direction of an insured in which the act is substantially certain to cause `bodily injury.' For purposes of this insurance, an act is substantially certain to cause `bodily injury' when all three of the following conditions are met:
 "(a) an insured knows of the existence of a dangerous process, procedure, instrumentality or condition within its business operation.
 "(b) an insured knows that if an employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be substantially certain; and
 "(c) an insured under such circumstances and with such knowledge does, act to require the employee to continue to perform the dangerous task; * * *"
On October 20, 1999, appellee filed a complaint for declaratory judgment regarding whether appellee had an obligation to represent and indemnify appellant in the lawsuit brought by the estate of Piecuch. Appellant filed an answer and counterclaim. Both parties filed motions for summary judgment.
On March 7, 2001, the trial court awarded summary judgment in favor of appellee. From this judgment, appellant raises the following assignment of error:
 "[1.]The trial court erred in granting [appellee's] motion for summary judgment and in overruling defendant's motion for summary judgment."
In appellant's sole assignment of error, he argues that when an employer commits an intentional tort, the employment relationship is not implicated under Ohio law. Therefore, appellant contends, any exclusion in an insurance policy, which is dependent upon the existence of an employment relationship, is not operative when an employer intentional tort is alleged. In support of this argument appellant relies on the following passage:
 "`Injuries resulting from an employer's intentional torts, even though committed at the workplace, are utterly outside the scope of the purposes intended to be achieved by Section 35 and by the Act. Such injuries are totally unrelated to the fact of employment. When an employer intentionally harms his employee, that act effects a complete breach of the employment relationship, and for purposes of the legal remedy for such an injury, the two parties are not employer and employee, but intentional tortfeasor and victim. * * *'" (Emphasis sic.) Johnson v. B.P. Chemicals, Inc., 85 Ohio St.3d 298, 305, 1999-Ohio-267, quoting Brady v. Safety-Kleen Corp. (1991), 61 Ohio St.3d 624, 634.
Accordingly, appellant contends that, in this case, none of the applicable exclusions are operative, and, thus, it is entitled to coverage under the commercial general liability coverage.
In opposition, appellee argues that the instant case is governed by the terms of the insurance policy — including the exclusions, and not by the body of case law concerning the elements of employer intentional tort and how they impact the employer-employee relationship. Upon review, we conclude that appellant's reliance on Johnson is misplaced.
Neither Brady nor Johnson dealt with the relationship between an employee and his employer's liability insurer. Instead, both cases involved the issue of whether a claimant can maintain a common law action to redress injury incurred as a result of an employer intentional tort. In both cases, the Supreme Court of Ohio held that, as it relates to a workers' compensation claim, an employer's intentional torts are totally unrelated to the fact of employment. Thus, a claimant may maintain a private cause of action. The crux of both Brady and Johnson was whether a claimant could also maintain a common law claim of intentional employer tort in addition to a workers' compensation claim, not whether an employer's insurance provider was required to indemnify and/or represent its insured in an employer intentional tort action. Therefore, appellant's reliance on Brady and Johnson is misplaced.
In the instant case, we are not presented with the issue of whether the estate of Piecuch can maintain a common law claim of employer intentional tort. The sole issue before this court is whether the insurance policy provides for representation and/or indemnification of tort claims brought by an employee alleging that his injury was substantially certain to occur. Having concluded that Brady and Johnson do not govern the instant case, we must look to the relevant law regarding insurance policies.
An exclusion of employer intentional torts from insurance coverage is effective when the exclusionary language is clear and unambiguous. Moorev. Cardinal Packaging, Inc. (2000), 136 Ohio App.3d 101, 106; Lakota v.Westfield Ins. Co. (1998), 132 Ohio App.3d 138. In the instant case, upon reading the Ohio Liability Coverage Enhancement, it is clear that employer intentional torts are specifically excluded from coverage by the terms of the policy. Thus, appellee does not have a duty to defend or indemnify appellant in the underlying cause of action alleging an employer intentional tort. Appellant's sole assignment of error lacks merit.
Based on the foregoing, the judgment of the Trumbull County Court of Common Pleas is affirmed.
JUDITH A. CHRISTLEY, P.J., DIANE V. GRENDELL, J., concur.